UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES *ex rel.* MICHAEL LaFAUCI,** | Civ. No. 2:15-cv-7931 |
| Plaintiff, | **OPINION** |
| v. | |
| **ABBVIE INC.,** *et al.*, | |
| Defendants. | |

**WILLIAM J. MARTINI, U.S.D.J.:**

This matter comes before the Court upon Relator Michael LaFauci's motion to transfer (ECF No. 15) and Defendants AbbVie Inc.'s and IQVA Holdings Inc.'s motions to dismiss (ECF Nos. 36 and 38). For the reasons set forth below, Relator's motion to transfer is **DENIED** and Defendants' motions to dismiss are **GRANTED**.

## I. BACKGROUND

### A. Complaint and Amended Complaint

Relator Michael LaFauci ("Relator") brings this action on behalf of the United States of America, twenty-nine individual states, and the District of Columbia against AbbVie Inc. and IQVA Holdings Inc.,[1] alleging violations of the False Claims Act, 31 U.S.C. § 3729 ("FCA"), the Anti-Kickback Act, 42 U.S.C. § 1320-7b(b) ("AKA") and various state false-claims statutes. Relator filed his *qui tam* complaint under seal on November 5, 2015. *See* Compl., ECF No. 1. The Complaint alleges AbbVie's marketing, reimbursement, and patient retention program ("Program") related to its drug Humira, violate the FCA, AKA, and their state-law corollaries. Compl. ¶¶ 4-13. The Program ostensibly involved nurse home visits to provide training on administering Humira (an injectable) but, in actuality, illegally sought to increase prescriptions by providing free goods and services. *Id.* ¶¶ 70-73. AbbVie is allegedly liable because it falsely certified its compliance with applicable laws and regulations in seeking reimbursements through its "Medicaid Rebate Agreement" with the Department of Health and Human Services. *Id.* ¶¶ 102-116. IQVA's alleged liability stems from its design and implementation of the Program. *Id.* ¶¶ 5-13.

Consistent with the FCA, the case was stayed while the Government determined whether to join. ECF No. 2-3. In March 2016, Relator filed an Amended Complaint ("AC") adding allegations related to AbbVie extending the Program to its oral medications, Viekira and Kaletra (with Humira, "Drugs"). AC ¶ 9, ECF No. 4. "Extension" of the Program

---

[1] IQVA Holdings Inc. is referred to as "Quintiles Transnational Holdings Inc." in Relator's papers. That party will hereinafter be referred to as "IQVA," and together with AbbVie Inc., "Defendants."

(ostensibly designed to teach patients how to take drugs) to oral medications allegedly demonstrates "that the supposedly medically-appropriate purposes of the [P]rogram are purely pretextual." AC ¶¶ 11, 14, 87-88. On March 27, 2018, the United States declined to intervene, and the case was unsealed and reopened. ECF Nos. 5, 7-8.

### B. Motion to Transfer

On October 9, 2018, Relator filed a motion to transfer ("MTT") to the Northern District of Illinois. ECF No. 15. Relator argues that "[p]ursuant to 28 U.S.C. § 1404, principles of judicial efficiency, and the [FCA]'s first-filed rules as applied to venue," the matter should be transferred to the Northern District of Illinois "so that it may be adjudicated in the same court in which an earlier filed case alleging similar fraud . . . is pending." *See* MTT at 1, ECF No. 15. That case—*United States ex. rel. Suarez v. AbbVie Inc. and Abbott Laboratories Inc.*[2]—asserts liability against Abbott Laboratories Inc., the predecessor entity of AbbVie Inc. *Id.* While the Program is also the gravamen of the Illinois Case, IQVA is not a defendant and there are no allegations related to drugs other than Humira. *Id.* at 1 n.1.

Defendants oppose the MTT. ECF Nos. 22-23 (hereinafter, "MTT Opp."). They argue that 31 U.S.C. § 3730(b)(5) (the FCA's "first-to-file bar") precludes transfer and requires dismissal because the Illinois Case was filed before this matter. AbbVie MTT Opp. at 6-7, ECF No. 22. Even if the FCA's first-to-file bar does not apply, Defendants argue Relator failed to show that Illinois is a more convenient forum. *Id.* at 12. IQVIA separately argues that litigation in Illinois would impose a substantial burden on it and, in any event, transfer is inappropriate because there has been no change in circumstance justifying transfer. *See* IQVA MTT Opp., ECF No. 23. Relator replies, *inter alia*, that the FCA's first-to-file bar has no bearing here because it does not prevent the voluntary *joinder* of additional relators (which the Illinois relator agreed to), only the *intervention* by subsequent relators. MTT Reply at 1-2.

### C. Motions to Dismiss

On November 1, 2018, Defendants filed motions to dismiss ("MTDs"). ECF Nos. 36, 38. In addition to reasserting their first-to-file argument under FRCP 12(b)(1), Defendants argue Relator failed to state a claim under FRCP 12(b)(6) because *(1)* the Program is not prohibited under the FCA and AKA; *(2)* the AC does not *(A)* meet FRCP 9(b)'s heightened pleading standard, *(B)* include allegations of *scienter*, and *(C)* survive the FCA's "public disclosure bar"; and *(3)* the state law claims should be dismissed for the same reasons. *See* AbbVie MTD at 2-4, ECF No. 36. IQVIA additionally argues that the AC does not contain the required allegations of false statements or actions *by IQVIA*, the core requirement of an FCA claim. IQVA MTD at 1, ECF No. 38.

In opposition, Relator argues that the Office of Inspector General of the Department of Health and Human Services Guidelines make clear that the Program violates the AKA. *Id.* at

---

[2] Hereinafter, the "Illinois Case" was filed in October 2015, the month before this matter, and unsealed on March 14, 2018. No. 15-cv-08928 (N.D. Ill.), ECF Nos. 1, 28.

11. In reply, Defendants argue the Program comports with an objectively reasonable interpretation of the AKS, and thus Defendants did not "knowingly" submit a false claim (i.e., did not act with the requisite scienter). AbbVie Reply at 11-12, ECF No. 50. Next, the Government filed a statement of interest arguing that Defendants' theory of scienter is incorrect. ECF No. 52 at 1-2. Defendants disagree. *See* ECF Nos. 55-56.

## II. LEGAL STANDARDS

### A. Motion to Transfer

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404.

### B. Motion to Dismiss Pursuant to 12(b)(1)

Motions to dismiss under FRCP12(b)(1) may be facial or factual. *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016). In a factual attack like the one presented here, the movant "attacks the factual allegations underlying the complaint's assertion of jurisdiction." *Id.* (citation omitted). Courts are free to weigh competing evidence and the party bringing suit bares the burden of demonstrating jurisdiction exists. *See id.*

## III. DISCUSSION

As Defendants arguments against transfer under 28 U.S.C. § 1404(a) and for dismissal under 31 U.S.C. § 3730(b)(5) are mirror images of each other, they will be analyzed together. Next, the Court will discuss any remaining issues.

### A. 28 U.S.C. § 1404(a) Transfer Versus 31 U.S.C. § 3730(b)(5) Dismissal

#### 1. *Transfer pursuant to 28 U.S.C. § 1404(a) is inappropriate if the FCA's "first-to-file bar" applies.*

Transfer is inappropriate if the FCA's "first-to-file bar" applies. Section 1404(a) permits transfers only "where both the original and the requested venue are proper." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878 (3d Cir. 1995). Section 3730(b)(5)—also known as the FCA's "first-to-file bar"—precludes relators from filing suit when another relator has already brought a "related action based on the [same underlying] facts." 31 U.S.C. § 3730(b)(5). So long as the first suit is pending, courts lack jurisdiction to hear the subsequently-filed suit. *Id.*; *U.S. ex rel. Mailly v. Healthsouth Holdings, Inc.*, 07-cv-2981, 2010 WL 149830, at *4 (D.N.J. Jan. 15, 2010). Thus, if the first-to-file bar applies, no federal court may hear the second-filed case. And, as section 1404(a) transfer requires both the original and requested venue to be proper, *Jumara*, 55 F.3d at 878, transfer is impermissible if the first-to-file bar deprives both those courts of jurisdiction. *See, e.g.*, *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 24 (3d Cir. 1970) ("[T]ransfer is authorized by the statute only if the plaintiff had an unqualified right to bring the action in the transferee forum at the time of the commencement of the action.").

Relator argues that the first-filed bar does not prevent what he ultimately seeks to do here, i.e., consolidation with the Illinois Case through an amended complaint. Reply at 1.

Relator relies on *U.S. ex rel. Boise v. Cephalon* for support. No. 08-civ-287, 2014 WL 5089671, at *4 (E.D. Pa. Oct. 9, 2014). In *Boise*, the court held that "the first-to-file rule does not apply to the voluntary addition of relators by amended complaint in a pending action where relators have entered into a private agreement regarding the division of potential proceeds from the action." 2014 WL 5089671, at *4. That may be true, but it does not answer the question here: whether this Court (and the Northern District of Illinois) could exercise jurisdiction over *this* matter despite a previously filed, related case?[3] *See Jumara*, 55 F.3d at 878 (requiring both venues be proper). The answer is no. *See* 31 U.S.C. § 3730(b)(5) (excluding second-filed suit from jurisdiction of the courts). And thus, so long as the first-to-file bar applies, transfer pursuant to section 1404(a) is impermissible. *Jumara*, 55 F.3d at 878 (permitting transfer under section 1404(a) only where the original and requested venue are proper).[4]

### 2. *The FCA's first-to-file bar applies.*

"When a person brings an action under [the FCA's *qui tam* provision], no person other than the Government may intervene or bring a related action based on the facts underlying the pending action." 31 U.S.C. § 3730. "A later case need not rest on precisely the same facts as a previous claim to run afoul of this statutory bar. Rather, if a later allegation states all the essential facts of a previously-filed claim, the two are related and section 3730(b)(5) bars the later claim, even if that claim incorporates somewhat different details." *U.S. ex rel. LaCorte v. SmithKline Beecham Clinical Labs., Inc.*, 149 F.3d 227, 232–33 (3d Cir. 1998). Thus, district courts are correct to dismiss "a later-filed action alleging the same elements of fraud described in an earlier suit." *Id.* (citation omitted). "[S]uch duplicative claims do not help reduce fraud . . . since once the government knows the essential facts of a fraudulent scheme, it has enough information to discover related frauds." *Id.* at 234. Further, a relator cannot escape the first-to-file bar merely by adding new defendants. *U.S. ex rel. Hampton v. Columbia/HCA Healthcare Corp.*, 318 F.3d 214, 218 (D.C. Cir. 2003). Nor is alleging "the same type of wrongdoing . . . cover[ing] a different time period or location within a company"

---

[3] The Court takes no position on whether, like in *Boise*, the Illinois Case's relator may amend its complaint to add the Relator here, independent of this case's dismissal. 2014 WL 5089671, at *4.

[4] Citing *Ricoh Co. v. Honeywell, Inc.*, 817 F. Supp. 473, 487 (D.N.J. 1993), Relator argues that transfer under the general "first-filed rule" (as opposed to the FCA's first-to-file bar) is appropriate separate and apart from transfer pursuant section 1404(a), which "serves here as an independent basis on which to permit transfer." *See* MTT at 4. But *Ricoh Co.* does not stand for that proposition. The court in *Ricoh Co.*, like most cases cited by Relator, analyzed first-to-file transfer *within* a section 1404(a) analysis. *See Ricoh Co.*, 817 F. Supp. at 487 (departing from first-filed rule in "Public Interest" subsection of section 1404(a) analysis). In the only case from this district Relator cites that came close to transferring pursuant to the first-file rule (and not section 1404(a)), the court still analyzed the section 1404(a) factors and satisfied itself that the transferee district had "concurrent jurisdiction" (both personal and subject matter). *See Nature's Benefit, Inc. v. NFI*, CIV .06-4836, 2007 WL 2462625, at *5, *9 (D.N.J. Aug. 27, 2007). In other words, the court determined that the requirements of section 1404(a) were met before the transferring. *Id.*

sufficient.  *U.S. ex rel. Lujan v. Hughes Aircraft Co.*, 243 F.3d 1181, 1188 (9th Cir. 2001) (adopting *LaCorte*).

This matter is sufficiently related to the Illinois Case that the first-to-file bar applies. Relator himself argues:

> The relevant chronology is indisputable: Suarez filed his Humira kickback claims in the Northern District of Illinois before Relator LaFauci filed his Humira kickback claims in this Court.
>
> Moreover, a close examination of the two complaints confirms the substantial overlap between the LaFauci and Suarez complaints.  Both complaints allege that AbbVie's marketing of Humira violates the Anti-Kickback statute and the FCA.  Moreover, the two complaints allege that AbbVie (i) engaged in the same illegal conduct to promote Humira and (ii) submitted false or fraudulent claims to government-funded health insurance programs in violation of the FCA. Further, both complaints allege AbbVie is liable to the same real-party-in-interest plaintiffs (i.e. the United States and the States).  Although the overlap is not complete, it is indisputably substantial.

MTT at 5; *see also* AbbVie MTD at 11-12 (listing similarities).  This is more than enough for the Court to conclude the two complaints allege "the same elements of fraud," and thus, are related.  *See LaCorte*, 149 F.3d 227 at 232-33.  The fact that Relator adds IQVA as a defendant is inconsequential.  *See Hampton*, 318 F.3d at 218.  While this matter includes allegations regarding Viekira and Kaletra absent from the Illinois Case, Relator makes clear "[b]oth cases primarily involve . . . Humira."  MTT at 1 n.1.  Further, the allegations as to Viekira and Kaletra are sufficiently similar to those regarding Humira that the Government had "enough information to discover [those] related frauds."  *See LaCorte*, 149 F.3d 227 at 234.  Just like in circumstances where allegations regard "the same type of wrongdoing" but in a different "location within a company," the Viekira and Kaletra allegations involve similar wrongdoing, just in different business lines.  AC ¶¶ 9, 11 (discussing "extension" of the Program to Viekira and Kaletra); MTD Opp. at 4 ("[Defendants] have since extended this strategy to Viekira and Kaletra.").  Relator essentially concedes this point by not responding to Defendants' arguments.  *E.g.*, *Lawlor v. ESPN Scouts, LLC*, 10-cv-05886, 2011 WL 675215, at *2 (D.N.J. Feb. 16, 2011) (Issues "raised in an opening brief, but . . . uncontested in the opposition brief . . . [are] considered waived or abandoned."); AbbVie MTD at 13 (arguing references to Viekira and Kaletra do not state a materially new element of fraud).[5]

---

[5] Other than baldly concluding that the claims regarding "Viekira and Kaletra should survive Defendants' Motions," MTD Opp. at 3, the only time Relator ever mentions the oral medications in connection with the first-to-file argument, he asserts (without citation) that the Illinois Case's "[c]omplaint plainly did *not* anticipate Relator's claims . . . concerning both Defendants' unlawful promotion of Viekira and Kaletra."  *Id.* at 2.  Whether the Illinois Case "anticipated" allegations regarding the Drugs is irrelevant, and regardless, unresponsive to Defendants' argument.  *Lawlor*, 2011 WL 675215, at *2 (citing *United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991)

As the first-to-file bar applies, the courts lack subject-matter jurisdiction to hear Relator's FCA and AKA claims. *See Mailly*, 2010 WL 149830 (finding section 3730(b)(5) is jurisdictional). Thus, transfer pursuant to section 1404(a) is likewise impermissible. *See Jumara*, 55 F.3d at 878. Therefore, the federal claims are dismissed pursuant to FRCP 12(b)(1).[6]

### B. State Law Claims

The only remaining issue is what to do with Relator's state-law claims. Relator asserts this Court has jurisdiction over those claims "pursuant to 31 U.S.C. § 3732(b) because this action is brought under State laws for the recovery of funds paid by the *qui tam* States, and arises from the same transaction or occurrence brought on behalf of the United States under 31 U.S.C. § 3730." AC ¶ 19.

In a *qui tam* suit involving both state and federal claims, once the federal claims are dismissed, the court no longer has original jurisdiction pursuant to section 3730(b). *United States v. Wanaque Convalescent Ctr.*, 14-cv-6651, 2017 WL 2577544, at *5 (D.N.J. June 14, 2017). The Court may then decline to exercise supplemental jurisdiction. *Id.*

Here, like in *United States v. Wanaque Convalescent Center*, the Court dismissed Relator's federal claims. *See id.* Therefore, like in *Wanaque*, the Court lacks jurisdiction pursuant to 31 U.S.C. § 3730(b). *See id.* And, just like in *Wanaque*, the Court declines to exercise supplemental jurisdiction over the state-law claims. *See id.*; 31 U.S.C. § 1367(c).

Therefore, the Court lacks subject matter jurisdiction to consider Relator's federal and state claims and as such, this matter is dismissed pursuant to FRCP 12(b)(1).

### IV. CONCLUSION

For the reasons set forth above, Relator's motion to transfer (ECF No. 15) is **DENIED** and Defendants' motions to dismiss (ECF No. 36, 28) are **GRANTED**.

**Dated: April 1, 2019**

*/S/ William J. Martini*
**WILLIAM J. MARTINI, U.S.D.J.**

---

("[P]erfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived.")).

[6] As the Court lacks subject-matter jurisdiction over the FCA and AKS claims, it need not reach the parties' alternative arguments for dismissal.